Receipt #062016

ORIGINAL

FILED
JAN 3 2005
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CARL JUNCTION R-1 SCHOOL DISTRICT )
Plaintiff, )
vs. ) Case No. 05 - 3L
THE UNITED STATES OF AMERICA ) JURY DEMAND
Defendant. )

## COMPLAINT AND JURY DEMAND

Comes Now Carl Junction R-1 School District by and through his attorneys, Robert W. Richart, L. Dean Wilson and R. Deryl Edwards, Jr. and for its cause of action states and alleges as follows:

## INTRODUCTION

1. The Burlington Northern and Santa Fe abandoned its railroad right-of-way that encumbers Plaintiff's real property. Plaintiff had a reversionary interest in the railroad easement such that the easement reverted back to Plaintiff when the railroad stopped using the land for railroad purposes in accordance with Missouri's Constitution and common law. Upon abandonment, The United States of America, pursuant to the so-called "Rails to Trails" federal statutory law, then gave the railroad right-of-way and, thus Plaintiff's reversionary interest, to a non-for- profit corporation so that a public walking/riding trail could be made until such time as another railroad might start operating. Plaintiff is seeking monetary compensation from the United States of America for the 5th Amendment taking of its reversionary interest and the added encumbrance of the trail, all pursuant to Section 8(d) of the National Trails System Act, 16 U.S.C. §

1247(d) and proceedings before the Surface Transportation Board, Docket AB-6 (Sub-No. 395X).

## PARTIES

2. The Plaintiff, Carl Junction R-1 School District (referred to as the "R-1 School District" or "Plaintiff"), is an organized and existing statutory school district, located in Jasper County, Missouri and owns real property in Jasper County, Missouri, through which the Burlington Northern and Santa Fe Railroad had a 100 foot railroad right-of-way subject to use of the right-of-way for railroad purposes.

3. When the Burlington Northern and Santa Fe abandoned its right-of-way, then pursuant to the National Trails System Act Amendments of 1983, 16 U.S.C. §1241 *et seq.*, the United States of America (hereinafter referred to as "USA") exercised its right to take Plaintiff's reversionary interest in the railroad's abandoned right-of-way and further encumber the right-of-way by making it a trail open to the public.

4. The United States of America is the defendant from which relief is sought.

## JURISDICTION

5. Defendant USA took Plaintiff's reversionary interest in a railroad right-of-way across Plaintiff's land and further encumbered Plaintiff's land without paying for it as required under the Takings clause of the 5th amendment to the Constitution of the United States.

6. Plaintiff asserts these claims pursuant to the Tucker Act, 28 U.S.C. § 1491 et seq.

7. The amount in controversy exceeds $10,000.00.

8. Jurisdiction and venue are otherwise proper in this Court.

**FACTS COMMON TO ALL COUNTS: HISTORY OF THE PROPERTY**

9. The Jasper County, Missouri Circuit Court, in a case styled *Memphis, Carthage and North Western Rail Road Company, Plaintiff v. Evan Evans, et al., Defendants,* Case No. 905 entered a court order dated March 13, 1876, therein appropriating a strip of land 100 feet wide over and through the Plaintiff's real estate.

10. The *Memphis, Carthage and Northwestern Rail Road* obtained a the right-of-way over Plaintiff's property subject to a later reversion to the then owner of the real estate if the use for railroad purposes later ceased.

11. The Memphis, Carthage and North Western Rail Road was the predecessor of the St. Louis and San Francisco Railway Company ("SLSF"). In 1980, the SLSF merged into the Burlington Northern Railroad Company ("BN"). The BN subsequently merged with the Atchison, Topeka and Santa Fe Railway in 1995 to become the Burlington Northern and Santa Fe Railway Company ("BNSF").

12. Since the merger with Frisco and BNSF, the BNSF had operated, *inter alia,* a railroad line between mile post 343.55 in Columbus, Cherokee County, Kansas, through and including mile post 315.30 (the "Line") in Carthage, Jasper County, Missouri. The Plaintiff's real estate is located along this formerly operated line.

13. The BNSF has filed a Notice of Exemption of the Line with the Surface Transportation Board ("STB") on or about May 3, 2002 to initiate the formal process for abandonment of the Line; STB Docket No. AB-6 (Sub No. 395X).

14. On May 10, 2002, the City of Carl Junction, Missouri and the Joplin Trail Coalition ("JTC"), represented by the same counsel, jointly filed comments before the

STB, in part, requesting the issuance of a Notice of Interim Trail Use ("NITU") and the imposition of a public use condition pursuant to 49 C.F.R. 1152.28 and 49 U.S.C. 10905 for the purpose of railbanking public use of the existing railroad railbed based upon the express condition that the STB order the BNSF to not remove any bridges, trestles, culverts or "roadbed materials" for the Missouri portion of the rail corridor; MP 331.23 to MP 315.30.

15. On the same date, May 10, 2002, the JTC and the City of Carl Junction, Missouri filed, before the federal STB, a document entitled "Statement of Willingness to Assume Financial Responsibility" ("Statement of Willingness").

16. These Statements of Willingness, authored by purportedly authorized representatives of the respective commenters and, at least, ostensibly cloaked with corporate or other legal authority, simultaneously stated that each was, ". . . willing to assume full responsibility for management of, for any legal liability arising out of and for the payment of any and all taxes that may be levied or assessed against the right-of-way . . ."; a distance of 15.93 miles from the Kansas state line to near Carthage, Missouri.

17. On May 23, 2002, BNSF's Notice of Exemption was served and published in the Federal Register (67 FR 36298) and the exemption was scheduled to become effective on June 22, 2002.

18. On June 21, 2002, the STB issued a Decision that granted the commenters' request for issuance of a NITU and a public use condition. The STB, in the Decision, stated, in relevant part, " . . . As conditioned, this action will not significantly affect . . . the quality of the human environment."

19. On December 19, 2002, the STB issued a Decision and Notice of Interim Trail Use or Abandonment that extended the time to consummate an agreement by and between the commenters and the BNSF. The STB, in granting the parties request for an extension of time, over objection, stated, " . . . As conditioned, this action will not significantly affect . . . the quality of the human environment."

20. On June 16, 2003, BNSF and JTC executed a document entitled, "**INTERIM TRAIL USE/RAILBANKING AND DONATION AGREEMENT**" ("Agreement"), and incorporated herein by this reference.

21. The Agreement purports to transfer BNSF's interests to the JTC, and upon notice, to the City of Carl Junction, Missouri, provided the City execute written acknowledgment of the Agreement and agree to be bound to its terms.

22. On October 20, 2003, the BNSF posted a letter to the STB advising of the consummation of a railbanking agreement with the JTC. The BNSF further represented that, " The remainder of the right of way has been salvaged and BNSF's discontinuance of the subject line will be consummated on October 31, 2003."

23. Effective October 31, 2003, the BNSF discontinued its operations on the line and the JTC, a Missouri non-profit corporation, is operating a trail on the abandoned line.

24. On or about September 16, 2004, the BNSF entered into a Quitclaim Deed with the Joplin Trail Coalition, conveying BNSF's right, title and interest to any and all rights of way, reservations and easements of record between the Missouri-Kansas state line and Milepost 315.30 near Carthage, Jasper County, Missouri.

25. The Carl Junction R-1 School District owns real property on the western side of the City of Carl Junction, Missouri. The former BNSF right-of-way divides the primary

and junior high campus from the high school campus and also contains a second set of tracks called a sidetrack, known as the "Lehigh" siding, that is located on the southern side of the right-of-way and runs hundreds of feet parallel to the former BNSF main line on its own rail bed.

26. Plaintiff's property and the right of way abandoned by the railroad are described elsewhere herein.

**COUNT I: FIFTH AMENDENT TAKING**

27. Plaintiff hereby incorporates by reference *seriatim verbatim* paragraphs 1 through 26 as if fully herein laid out.

28. Plaintiff's property and the right-of-way at issue in the case at bar is described in Exhibit 11 and is incorporated herein by reference.

29. Effective October 31, 2003, and before that time in accordance with Missouri law, the BNSF abandoned its the right-of-way.

30. On October 31, 2003, but for the actions of the JTC and the USA, the BNSF's railroad the right-of-way property interest would have reverted back to Plaintiff, the owner of the property.

31. Defendant USA, acting through the STB, granted the JTC Plaintiff's reversionary interest in the railroad the right-of-way and further encumbered the land with a trail open to the public instead of a railroad for railroad use only.

32. Defendant, United States of America, enacted the Rail National Trails System Act Amendments of 1983, 16 U.S.C. §1241 *et seq*. which gave authority to the STB to permit the JTC and/or the City of Carl Junction to take the reversionary the right-of-way interest from Plaintiff and for an easement for trail use rather than railroad use.

33. When the STB gave the JTC and/or City of Carl Junction plaintiff's reversionary interest in the railroad the right-of-way and further allowed a new encumbrance of the land, public trail use, then the STB on behalf of the United States under the Rail National Trails System Act effected a Takings under the Fifth Amendment of the U.S. Constitution.

34. Because the USA has taken Plaintiff's reversionary interest and further encumbered the Plaintiff's land, then the USA must pay an amount of compensation that is fair and reasonable as defined by Missouri law.

WHEREFORE, Plaintiff prays for judgment against Defendant, The United States of America, in an amount that is fair and reasonable in excess of $10,000, for reasonable attorney's fees, costs, expenses and for such other relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial in all counts and allegations contained herein.

LAW OFFICES OF R. DERYL EDWARDS
R. Deryl Edwards MO# 48277
606 S. Pearl
Joplin, MO 64801-2582
(417) 624-1962
(417) 624-3151
rde417@hotmail.com

and

RICHART LAW OFFICES
Robert W. Richart Mo Bar #18917
L. Dean Wilson #39356
Law Office of Robert W. Richart

610 Pearl, Suite C
Joplin, Missouri 64801
Phone: 417-781-6770
Fax: 417-781-7554
richartlaw@hotmail.com
Attorneys for Plaintiff