ORIGINAL

FILED
FEB 25 2005
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

CARL JUNCTION R-1 SCHOOL DISTRICT,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 05-3L
Judge Robert H. Hodges, Jr.

**ANSWER**

Pursuant to Rule 7(a) of the Rules of the United States Court of Federal Claims, Defendant, the United States of America, answers the allegations in the numbered paragraphs of Plaintiffs' Complaint and Jury Demand as follows:

**INTRODUCTION**

1. The allegations in the first three sentences of Paragraph 1 are legal conclusions to which no response is required. Defendant specifically denies that it gave Plaintiff's reversionary interest in the railroad right-of-way to a "non-for-profit corporation." The fourth sentence is a statement of Plaintiff's case to which no response is required. Defendant specifically denies that it has taken Plaintiff's property.

**PARTIES**

2. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 2.

3. The allegations in Paragraph 3 call for legal conclusions to which no response is required.

Defendant specifically denies that it has taken Plaintiff's "reversionary interest" in any railroad right-of-way.

4. Admitted.

## JURISDICTION

5. The allegations contained in Paragraph 5 are legal conclusions to which no response is required. Defendant specifically denies that it has taken Plaintiff's "reversionary interest" in any railroad right-of-way.

6. Paragraph 6 is Plaintiff's statement regarding jurisdiction to which no response is required. Defendant avers that 28 U.S.C. § 1491 (the "Tucker Act") is the principal statute conferring jurisdiction on this Court.

7. Paragraph 7 is Plaintiff's statement of the amount in controversy to which no response is required.

8. The allegations contained in Paragraph 8 are legal conclusions to which no response is required.

## FACTS COMMON TO ALL COUNTS: HISTORY OF THE PROPERTY

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 9.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 10. Furthermore, to the extent the allegations are legal conclusions, no response is required.

11. Admitted.

12. Defendant admits first sentence. Defendant lacks sufficient knowledge or information to

form a belief as to the truth or falsity of the second sentence of Paragraph 12.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Defendant avers that the document referred to in Paragraph 17 is the best evidence of its content.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Defendant admits that BNSF discontinued operations on the Line on October 31, 2003, but lacks sufficient information to form a belief as to whether the Joplin Trail Coalition ("JTC") is operating a trail on the Line. Defendant specifically denies that BNSF abandoned the Line.

24. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 24.

25. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 25.

26. Paragraph 26 states that Plaintiff's property and the allegedly abandoned right of way are described elsewhere in the Complaint and requires no response.

## COUNT I: FIFTH AMENDMENT TAKING

27. Paragraph 27 incorporates by reference paragraphs 1 through 26 and requires no response.

28. Defendant avers that no exhibits were attached to the Complaint.

29. The allegations in Paragraph 29 are conclusions of law and require no response. Defendant specifically denies the allegation that BNSF has abandoned its right-of-way.

30. The allegations in Paragraph 30 are conclusions of law and require no response.

31. The allegations in Paragraph 31 are conclusions of law and require no response.

32. Defendant avers that the statute referred to in Paragraph 32 is the best evidence of its content. To the extent a response is required, the allegations in Paragraph 32 are denied.

33. The allegations in Paragraph 33 are statements of Plaintiff's case to which no response is required. Defendant specifically denies that it has taken Plaintiff's property.

34. The allegations in Paragraph 34 are statements of Plaintiff's case to which no response is required. Defendant specifically denies the allegation that it has taken Plaintiff's "reversionary interest" and that it must pay just compensation.

## DEMAND FOR JURY TRIAL

Defendant notes that Plaintiff's request for a jury trial is improper as jury trials are not available in this Court.

All allegations of the Complaint and Jury Demand that have not been specifically admitted, denied or otherwise answered are hereby denied.

## AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

WHEREFORE, Defendant requests that this Court dismiss this action, deny in all

respects the relief sought by Plaintiff, enter judgment for Defendant, and grant Defendant such other relief as the Court may deem just and proper.

DATED: February 25, 2005

Respectfully submitted,

THOMAS L. SANSONETTI
Assistant Attorney General
Environment & Natural Resources Division

G. EVAN PRITCHARD
Environment & Natural Resources Division
Natural Resources Section
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202-305-0203
Fax: 202-305-0506
E-mail: g.evan.pritchard@usdoj.gov
Attorney for Defendant United States

Of Counsel:

Evelyn Kitay
Surface Transportation Board
Office of General Counsel
1925 K Street, N.W.
Suite 600
Washington, D.C. 20423

292707.3

CERTIFICATE OF SERVICE

The undersigned certifies that on this 25th day of February, 2005, a true and correct copy of the foregoing Answer was mailed via first class mail and via facsimile, postage prepaid, to the following counsel of record:

R. Deryl Edwards
Law Offices of R. Deryl Edwards
606 S. Pearl
Joplin, MO 64801-2582
(417) 624-1962
(417) 624-3151 fax

Felecia Lesesne

292707.3