ORIGINAL

21

FILED
FEB 2 3 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CARL JUNCTION R-1 SCHOOL DISTRICT )
Plaintiff, )
vs. ) Case No. 05-3L
THE UNITED STATES OF AMERICA, )
Defendant. )

Consolidated Cases

PAUL & KATHLEEN HANCE, et al.
Plaintiffs, )
vs. ) Case No. 05-4L
THE UNITED STATES OF AMERICA )
Defendant. )

**AMENDED COMPLAINT**

Comes Now the above captioned Plaintiffs, individually and collectively, by and through their attorneys, R. Deryl Edwards, Jr. Robert W. Richart, and L. Dean Wilson, and for their respective amended Complaint in case no. 05-4L against the Defendant United States of America, state and allege as follows:

**INTRODUCTION**

1. The Burlington Northern and Santa Fe abandoned its railroad right-of-way that encumbers Plaintiffs' real property. Plaintiffs had a reversionary interest in the railroad easement such that the easement reverted back to Plaintiff when the railroad stopped using the land for railroad purposes in accordance with Missouri's Constitution and

common law. Upon abandonment, The United States of America, pursuant to the so-called "Rails to Trails" federal statutory law, then gave the railroad right-of-way and, thus Plaintiffs' reversionary interest, to a non-for- profit corporation so that a public walking/riding trail could be made until such time as another railroad might start operating. Plaintiffs are seeking monetary compensation from the United States of America for the 5th Amendment taking of their reversionary interest and the added encumbrance of the trail, all pursuant to Section 8(d) of the National Trails System Act, 16 U.S.C. § 1247(d) and proceedings before the Surface Transportation Board, Docket AB-6 (Sub-No. 395X).

**PARTIES**

2. The Plaintiffs above are all real property owners adjacent to and including at least 50 feet or more of a former railroad right-of-way running through real property owned by Plaintiffs (referred to as the "Plaintiffs"), located in Jasper County, Missouri and own real property in Jasper County, Missouri, through which the Burlington Northern and Santa Fe Railroad had a 100 foot railroad right-of-way expressly subject to use of the right-of-way for railroad purposes.

3. When the Burlington Northern and Santa Fe abandoned its right-of-way, then pursuant to the National Trails System Act Amendments of 1983, 16 U.S.C. §1241 *et seq.*, the United States of America (hereinafter referred to as "USA") exercised its right to take Plaintiffs' reversionary interest in the railroad's abandoned right-of-way and further encumber the right-of-way by making it a trail open to the public.

4. The United States of America is the defendant from which relief is sought.

## JURISDICTION

5. Defendant USA took Plaintiffs' reversionary interest in a railroad right-of-way across Plaintiffs' land and further encumbered Plaintiffss land without paying for it as required under the Takings clause of the 5th amendment to the Constitution of the United States.

6. Plaintiffs assert these claims pursuant to the Tucker Act, 28 U.S.C. § 1491 et seq.

7. The amount in controversy exceeds $10,000.00.

8. Jurisdiction and venue are otherwise proper in this Court.

## FACTS COMMON TO ALL COUNTS: HISTORY OF THE PROPERTY

9. The Jasper County, Missouri Circuit Court, in a case styled *Memphis, Carthage and North Western Rail Road Company, Plaintiff v. Evan Evans, et al., Defendants,* Case No. 905 entered a court order, as well as other potentially relevant court orders, dated March 13, 1876, therein appropriating a strip of land 100 feet wide over and through the Plaintiffs' real estate.

10. The *Memphis, Carthage and Northwestern Rail Road* obtained a the right-of-way over Plaintiffs' property subject to a later reversion to the then owner of the real estate if the use for railroad purposes later ceased.

11. The Memphis, Carthage and North Western Rail Road was the predecessor of the St. Louis and San Francisco Railway Company ("SLSF"). In 1980, the SLSF merged into the Burlington Northern Railroad Company ("BN"). The BN subsequently merged with the Atchison, Topeka and Santa Fe Railway in 1995 to become the Burlington Northern and Santa Fe Railway Company ("BNSF").

12. Since the merger with Frisco and BNSF, the BNSF had operated, *inter alia,* a railroad line between mile post 343.55 in Columbus, Cherokee County, Kansas, through and including mile post 315.30 (the "Line") in Carthage, Jasper County, Missouri. The Plaintiffs' real estate is located along this formerly operated line.

13. The BNSF has filed a Notice of Exemption of the Line with the Surface Transportation Board ("STB") on or about May 3, 2002 to initiate the formal process for abandonment of the Line; STB Docket No. AB-6 (Sub No. 395X).

14. On May 10, 2002, the City of Carl Junction, Missouri and the Joplin Trail Coalition ("JTC"), represented by the same counsel, jointly filed comments before the STB, in part, requesting the issuance of a Notice of Interim Trail Use ("NITU") and the imposition of a public use condition pursuant to 49 C.F.R. 1152.28 and 49 U.S.C. 10905 for the purpose of railbanking public use of the existing railroad railbed based upon the express condition that the STB order the BNSF to not remove any bridges, trestles, culverts or "roadbed materials" for the Missouri portion of the rail corridor; MP 331.23 to MP 315.30.

15. On the same date, May 10, 2002, the JTC and the City of Carl Junction, Missouri filed, before the federal STB, a document entitled "Statement of Willingness to Assume Financial Responsibility" ("Statement of Willingness").

16. These Statements of Willingness, authored by purportedly authorized representatives of the respective commenters and, at least, ostensibly cloaked with corporate or other legal authority, simultaneously stated that each was, ". . . willing to assume full responsibility for management of, for any legal liability arising out of and for the payment of any and all taxes that may be levied or assessed against the

right-of-way . . ."; a distance of 15.93 miles from the Kansas state line to near Carthage, Missouri.

17. On May 23, 2002, BNSF's Notice of Exemption was served and published in the Federal Register (67 FR 36298) and the exemption was scheduled to become effective on June 22, 2002.

18. On June 21, 2002, the STB issued a Decision that granted the commenters' request for issuance of a NITU and a public use condition. The STB, in the Decision, stated, in relevant part, " . . . As conditioned, this action will not significantly affect . . . the quality of the human environment."

19. On December 19, 2002, the STB issued a Decision and Notice of Interim Trail Use or Abandonment that extended the time to consummate an agreement by and between the commenters and the BNSF. The STB, in granting the parties request for an extension of time, over objection, stated, " . . . As conditioned, this action will not significantly affect . . . the quality of the human environment."

20. On June 16, 2003, BNSF and JTC executed a document entitled, "**INTERIM TRAIL USE/RAILBANKING AND DONATION AGREEMENT**" ("Agreement"), which is incorporated herein by this reference.

21. The Agreement purports to transfer BNSF's interests to the JTC, and upon notice, to the City of Carl Junction, Missouri, provided the City execute written acknowledgment of the Agreement and agree to be bound to its terms.

22. On October 20, 2003, the BNSF posted a letter to the STB advising of the consummation of a railbanking agreement with the JTC. The BNSF further represented

that, " The remainder of the right of way has been salvaged and BNSF's discontinuance of the subject line will be consummated on October 31, 2003."

23. Effective October 31, 2003, the BNSF discontinued its operations on the line and the JTC, a Missouri non-profit corporation, is operating a trail on the abandoned line.

24. On or about September 16, 2004, the BNSF entered into a Quitclaim Deed with the Joplin Trail Coalition, conveying BNSF's right, title and interest to any and all rights of way, reservations and easements of record between the Missouri-Kansas state line and Milepost 315.30 near Carthage, Jasper County, Missouri.

25. The Plaintiffs own real property in or near the City of Carl Junction, Jasper County, Missouri.

26. Plaintiffs' property and the right-of-way abandoned by the railroad are described elsewhere herein.

**COUNT I: FIFTH AMENDENT TAKING**

27. Plaintiffs hereby incorporate by reference *seriatim verbatim* paragraphs 1 through 26 as if fully herein laid out.

28. Plaintiffs' property and the right-of-way at issue in the case at bar is described elsewhere herein and is incorporated herein by reference.

29. Effective October 31, 2003, and before that time in accordance with Missouri law, the BNSF abandoned its right-of-way.

30. On October 31, 2003, but for the actions of the JTC and the USA, the BNSF's railroad the right-of-way property interest would have reverted back to Plaintiffs, the owners of the properties.

31. Defendant USA, acting through the STB, granted the JTC Plaintiffs' reversionary interest in the railroad the right-of-way and further encumbered the land with a trail open to the public instead of a railroad for railroad use only.

32. Defendant, United States of America, enacted the Rail National Trails System Act Amendments of 1983, 16 U.S.C. §1241 *et seq.* which gave authority to the STB to permit the JTC and/or the City of Carl Junction to take the reversionary the right-of-way interest from Plaintiffs and for an easement for trail use rather than railroad use.

33. When the STB gave the JTC and/or City of Carl Junction Plaintiffs' reversionary interest in the railroad the right-of-way and further allowed a new encumbrance of the land, public trail use, then the STB on behalf of the United States under the Rail National Trails System Act effected a Takings under the Fifth Amendment of the U.S. Constitution.

34. Because the USA has taken Plaintiffs' reversionary interest and further encumbered the Plaintiffs' land, then the USA must pay an amount of compensation that is fair and reasonable as defined by Missouri law.

WHEREFORE, Plaintiffs prays for individual judgments against Defendant, The United States of America, in an amount that is fair and reasonable in excess of $10,000, for reasonable attorney's fees, costs, expenses and for such other relief as the Court deems just and proper.

LAW OFFICES OF R. DERYL EDWARDS
R. Deryl Edwards MO# 48277
606 S. Pearl
Joplin, MO 64801-2582
(417) 624-1962
(417) 624-3151
rde417@hotmail.com