**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CARL JUNCTION R-1 SCHOOL DISTRICT, | ) | |
| Plaintiff, | ) | |
| v. | ) | Nos. 05-3L<br>Senior Judge Robert H. Hodges, Jr. |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF**

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

G. EVAN PRITCHARD
Environment & Natural Resources Division
Natural Resources Section
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202-305-0203
Fax: 202-305-0506
E-mail: g.evan.pritchard@usdoj.gov
Attorney for Defendant United States

Of Counsel:

Evelyn Kitay
Surface Transportation Board
Office of General Counsel
1925 K Street, N.W.
Suite 600
Washington, D.C. 20423

Date: May 26, 2006

## TABLE OF CONTENTS

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. SUMMARY JUDGMENT STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A. Trails Act Overview . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

B. The Deed at Issue in this Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

C. The Warranty Deed Unambiguously Conveyed a Fee Simple Interest to the Railroad . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

i. Principles of Deed Construction in Missouri . . . . . . . . . . . . . . . . . 5

ii. The Granting Clause Supports a Fee Simple Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

iii. The Amount of Consideration Supports a Fee Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

iv. The Absence of Any Language Limiting the Use of the Land for Railroad Purposes Supports a Fee Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

### CASES

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986) . . . . . . . . . . 2

Barclay v. United States,
443 F.3d 1368 (Fed. Cir. 2006) . . . . . . . . . . 3

Bayless v. Gonz,
684 S.W.2d 512 (Mo. Ct. App. 1984) . . . . . . . . . . 6, 8, 9

Brown v. Weare,
152 S.W.2d 649 (Mo. 1941) . . . . . . . . . . 7, 9

Caldwell v. United States,
391 F.3d 1226 (Fed. Cir. 2004) . . . . . . . . . . 3

City of Columbia v. Baurichter,
729 S.W.2d 475 (Mo. Ct. App. 1987) . . . . . . . . . . 5

Celotex Corp. v. Catrett,
477 U.S. 317 (1986) . . . . . . . . . . 2

Clevenger v. Chicago, M. & St. P. Ry. Co.,
210 S.W. 867 (Mo. 1919) . . . . . . . . . . 9

Coates & Hopkins Realty Co. v. Kansas City Terminal Ry. Co.,
43 S.W.2d 817 (Mo. 1931) (en banc) . . . . . . . . . . 6

Compare Nigro v. Ashley,
690 S.W.2d 410 (Mo. Ct. App. 1984) . . . . . . . . . . 7, 9

Hubbert v. United States,
58 Fed. Cl. 613 (2003) . . . . . . . . . . 2, 6, 7, 8

Jordan v. Stallings,
911 S.W.2d 653 (Mo. App. 1995) . . . . . . . . . . 7, 10

Kimberling North, Inc. v. Pope,
100 S.W.3d 863 (Mo. App. 2003) . . . . . . . . . . 8, 9
Knieper v. United States,

38 Fed. Cl. 128 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Lloyd v. Garren,
366 S.W.2d 475 (Mo. Ct. App. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Miller v. United States,
67 Fed. Cl. 542 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Moore v. United States,
58 Fed. Cl. 134 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Moore v. Missouri Friends of the Wabash Trace Nature Trail, Inc.,
991 S.W.2d 681 (Mo. Ct. App. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8

Nigro v. Ashley,
690 S.W.2d 410 (Mo. Ct. App. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

Oak Forest v. United States,
23 Cl. Ct. 90 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Powell v. St. Louis County,
446 S.W.2d 819 (Mo. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Preseault v. Interstate Commerce Comm'n,
494 U.S. 1 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Preseault v. United States,
100 F.3d 1525 (Fed. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rines v. Mansfield,
9 S.W. 798 (Mo. 1888) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Schuermann Enterprises, Inc. v. St. Louis County,
436 S.W.2d 666 (Mo. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

Tabb Lakes v. United States,
26 Cl. Ct. 1334 (1992), aff'd, 10 F.3d 796 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . 2

**STATUTES**

16 U.S.C. § 1247(d) . . . . . . . . . . 1
49 U.S.C. § 10502 . . . . . . . . . . 3
49 U.S.C. § 10903 . . . . . . . . . . 3

**RULES**

RCFC 56(b) . . . . . . . . . . 1

**REGULATIONS**

49 C.F.R. § 1152.29(b)(2) . . . . . . . . . . 3

**DEFENDANT'S EXHIBIT LIST**

| Exhibit Number | Description | Page Numbers |
|---|---|---|
| 1 | Lands Owned or Used for Purposes of a Common Carrier ("Val Schedule") | D1001 |
| 2 | Warranty Deed dated June 14, 1876 | D2001-D2003 |
| 3 | Condemnation Decree dated March 13, 1876 | D3001-D3006 |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW DEFENDANT, United States of America, and hereby moves pursuant to RCFC 56(b) for summary judgment in Carl Junction R-1 School District v. United States, No. 05-3L.[1/] As discussed in the supporting memorandum below, Plaintiff Carl Junction R-1 School District lacks a property interest on which to base its takings claims. Therefore, the Court should grant this motion and dismiss Plaintiff's claims.

**MEMORANDUM**

## I. INTRODUCTION

Plaintiff Carl Junction R-1 School District ("Carl Junction") alleges that operation of the National Trails System Act, 16 U.S.C. § 1247(d) ("Trails Act"), has resulted in a taking of its alleged property interests in a railroad right-of-way in violation of the Fifth Amendment. See Carl Junction Complaint filed January 3, 2005 ("Complaint") ¶¶ 1, 33. Carl Junction claims it owns a "reversionary interest" in the right-of-way that was "taken" when the Surface Transportation Board ("STB") issued a Notice of Interim Trail Use ("NITU") allowing the right-of-way to be used for interim trail use subject to a possible future resumption of rail service. Id. ¶¶ 1, 18, and 33.

In this motion, the government seeks to dismiss Carl Junction's claims based on the grounds that the railroad acquired a fee interest in the right-of-way, rather than an easement. It is well-accepted that:

In order to establish a valid [takings] claim, any particular landowner must

---

[1/] This motion applies only to the claims in Carl Junction and has no affect on the claims in Hance v. United States, No. 05-4L, which was consolidated with Carl Junction on April 26, 2005.

> establish that full use of the fee underlying the railroad's easement would have been unimpaired but for the operation of the Trails Act. If the railroad held a fee interest in the right-of-way, or if the abutting landowner held less than the fee, no such right of control would arise, and consequently, no claim will lie.

Hubbert v. United States, 58 Fed. Cl. 613, 614-15 (2003) (emphasis added); see also Preseault v. United States, 100 F.3d 1525, 1533 (Fed. Cir. 1996) ("Clearly, if the Railroad obtained fee simple title to land over which it was to operate, and that title inures, as it would, to its successors, the [plaintiffs] today would have no right or interest in those parcels and could have no claim related to those parcels for a taking"). As discussed below, a fee interest was conveyed to the original railroad by a general warranty deed. Hence, Carl Junction has no property interest in the right-of-way and its claims must be dismissed with prejudice.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is "properly regarded not as a disfavored procedural shortcut but, rather, as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action. . . .'" Tabb Lakes v. United States, 26 Cl. Ct. 1334, 1344 (1992), aff'd, 10 F.3d 796 (Fed. Cir. 1993) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986)). Summary judgment is proper where there is no genuine dispute as to any material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) ("Factual disputes that are irrelevant or unnecessary will not be counted."); Knieper v. United States, 38 Fed. Cl. 128, 134 (1997) ("Disputes over facts which are not outcome determinative under the governing law will not preclude the entry of summary judgment.").

The issue involved in this motion is whether Carl Junction owned the land underlying the railroad right-of-way on the alleged date of taking. The law is well settled that a claimant in a taking action must "demonstrate ownership of a compensable property interest at the time of the

asserted taking." Oak Forest v. United States, 23 Cl. Ct. 90, 94 (1991). In Trails Act cases, a takings claim accrues, if at all, on the date the NITU is issued. Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004). In the instant case, Carl Junction's takings claims fail because it has never owned a property interest in the railroad right-of-way abutting its property.

## III. ARGUMENT

### A. Trails Act Overview

Following decades of abandonment by railroad companies that dramatically reduced the capacity of the nation's interstate railway system, Congress enacted the Trails Act to preserve, where possible, unused railroad rights-of-way for future rail service (a concept known as "railbanking") by allowing them to be converted, in the interim, into recreational trails. Preseault v. Interstate Commerce Comm'n, 494 U.S. 1, 5-7 (1990). The mechanism for achieving this purpose is a NITU issued by the STB that stays railroad abandonment during the pendency of the interim trail use. Barclay v. United States, 443 F.3d 1368, 1371 (Fed. Cir. 2006).

Before a railroad may abandon its interest in a right-of-way that is subject to STB jurisdiction, it must apply to the STB. See 49 U.S.C. § 10903 and 49 U.S.C. § 10502. The STB may then issue a NITU, suspending the abandonment process to provide time for a third party to negotiate an agreement with the railroad to use the right-of-way as a recreational trail, subject to railbanking. See 49 C.F.R. § 1152.29(b)(2) and (d) (2005). If the railroad and the third party reach an agreement for interim trail use/railbanking, the NITU extends the interim trail use indefinitely, subject to the restoration of active rail service on the line. Caldwell, 391 F.3d at 1230. If no agreement is reached, the railroad may then proceed to abandon its interest in the

right-of-way. Preseault, 494 U.S. at 7.

### B. The Deed at Issue in this Motion

The warranty deed addressed in this motion unambiguously conveyed a fee interest to the owners of the original railroad for valuable consideration. The deed was identified by reviewing a document prepared in 1918 titled "Lands Owned or Used for Purposes of a Common Carrier" ("Val Schedule") (relevant excerpts attached hereto as "Def.'s Ex. 1"). On that document, Parcel No. 4 corresponds to the piece of the right-of-way abutting Carl Junction's property. The two title documents listed for Parcel No. 4 are a condemnation decree and the warranty deed. See Def.'s Ex. 1.

At Defendant's request, Carl Junction obtained and provided to Defendant a copy of the warranty deed, dated June 14, 1876, as recorded at the Jasper County Recorder of Deed's office in Carthage, Missouri (attached hereto as "Def.'s Ex. 2"). Defendant obtained a copy of the condemnation decree, dated March 13, 1876, from the Burlington Northern Santa Fe Railway Company, the last railroad company to provide active rail service on the right-of-way (attached hereto as "Def.'s Ex. 3").

The warranty deed, like the condemnation decree, describes the portion of the railroad right-of-way that borders Carl Junction's property that is located in the southern half of Section Six, Township 28, Range 33, in Jasper County, Missouri. See Def.'s Ex. 2 at D2001 and Def.'s Ex. 3 at D3004. The grantees of the deed are Joseph Seligman and Josiah Macy, Jr., the owners and operators of the Memphis Carthage and Northwestern Railway Company, Burlington Northern Santa Fe Railway Company's predecessor-in-interest. Def.'s Ex. 2 at D2001; Compl. ¶ 11.

Carl Junction alleges in its Complaint that the railroad obtained an easement interest in the right-of-way by virtue of the condemnation decree. Compl. ¶¶ 9-10. However, Carl Junction makes no reference in its Complaint or elsewhere to the warranty deed that was executed three months after the condemnation decree was issued. Regardless of what interest, if any, was conveyed by the condemnation decree, the subsequent warranty deed unambiguously conveyed a fee interest in the right-of-way to the railroad. As a result, Carl Junction has no property interest in the right-of-way.

**C. The Warranty Deed Unambiguously Conveyed a Fee Simple Interest to the Railroad**

Applying the principles of deed construction in Missouri, it is evident that the warranty deed unambiguously conveyed a fee simple interest to the railroad. As explained below, the granting clause, the stated consideration, and the absence of any language limiting the use of the land for railroad purposes all support a fee conclusion.

**i. Principles of Deed Construction in Missouri**

The "cardinal rule" of deed interpretation in Missouri is the following: "the intention of the grantor controls and this intent is ascertained by examining the words within the four corners of the deed." City of Columbia v. Baurichter, 729 S.W.2d 475, 479 (Mo. Ct. App. 1987) (citing Lloyd v. Garren, 366 S.W.2d 341, 345 (Mo. 1963)). When considering railroad deeds, Missouri courts have stated that a railroad may "hold, purchase, or convey" a fee simple interest in land so long as "the acquisition is by general warranty deed without any restriction on the quantum of title conveyed and for a valuable consideration." Schuermann Enterprises, Inc. v. St. Louis County, 436 S.W.2d 666, 668 (Mo. 1969) (emphasis added) (stating further that when an acquisition is by warranty deed for valuable consideration, the "conveyance passed the fee unless

the intention to pass a less estate appears in the deed"); Coates & Hopkins Realty Co. v. Kansas City Terminal Ry. Co., 43 S.W.2d 817, 823 (Mo. 1931) (en banc) (holding that railroads can acquire land in fee like any other entity).

In Moore v. Missouri Friends of the Wabash Trace Nature Trail, Inc., the Missouri Court of Appeals articulated these principals as a three-factor analysis, stating that a reviewing court should consider "(1) whether the deed includes language conveying a 'right of way;' (2) the amount of consideration; and (3) language in the deed limiting the use of the land for railroad purposes." 991 S.W.2d 681, 685-86 (Mo. Ct. App. 1999) (footnote omitted); see also Bayless v. Gonz, 684 S.W.2d 512, 513 (Mo. Ct. App. 1984) (identifying similar factors).[2/] As discussed below, each of these factors demonstrate that the railroad acquired fee simple interest in the property.

**ii. The Granting Clause Supports a Fee Simple Conclusion**

The first factor - whether the deed at issue includes language conveying a "right of way" - favors a fee simple conclusion. In fact, the term "right of way" does not appear anywhere in the warranty deed. In the granting clause, the grantor agreed to "**Grant, Bargain and Sell, Convey and Confirm,** unto [the owners of the railroad] the following described Lots, Tracts, or Parcels of Land, lying, being and situate in the County of Jasper and State of Missouri, to wit: [legal description]." Def.'s Ex. 2 at D2001 (emphasis in the original). The grantor, therefore, intended to convey the land itself. Nothing in the granting clause suggests that either party

[2/] The Court of Federal Claims has applied these principles to resolve similar disputes in at least three previous cases arising in Missouri. See Hubbert, 58 Fed. Cl. 613 (granting the government's motion for partial summary judgment); Moore v. United States, 58 Fed. Cl. 134 (2003) (same); Miller v. United States, 67 Fed. Cl. 542 (2005) (same).

intended that the deed would convey only a mere use right or an easement. Accord Hubbert, 58 Fed. Cl. at 615-16 (concluding that the railroad acquired a fee interest rather than an easement where similar granting clause was used); Miller, 67 Fed. Cl. at 547 (same).

Instead of granting a "right of way" or "easement," the former owners conveyed "Lots, Tracts, or Parcels of Land." Compare Nigro v. Ashley, 690 S.W.2d 410 (Mo. Ct. App. 1984) (finding that fee interests were conveyed where granting clauses in deeds were for "lots, tracts, or parcels of land") with Schuermann Enterprises, 436 S.W.2d at 667 (finding that an easement was conveyed where the granting clause was for "[a] strip of ground or right of way"); Brown v. Weare, 152 S.W.2d 649, 652 (Mo. 1941) (finding that an easement was conveyed where the granting clause was for "the right of way for said Railroad"); Jordan v. Stallings, 911 S.W.2d 653, 657 (Mo. App. 1995) (easement conclusion where the granting clause was for "the Right of Way for the same over the following tract"). In short, the parties' language in the granting clause, as well as their decision to not use the term "easement" or "right of way," demonstrates that the parties intended to convey a fee interest, not a mere easement.

**iii. The Amount of Consideration Supports a Fee Conclusion**

The nineteenth-century deed recites valuable consideration of $100. Def.'s Ex. 2 at D2001. Thus, the second factor - the amount of consideration - favors a fee conclusion because the railroad paid valuable consideration, rather than a nominal amount. Compare Missouri Friends of the Wabash Trace Nature Trail, 991 S.W.2d at 686 (finding that easement was conveyed in part because landowner received only one dollar and "the railroad must give valuable rather than mere nominal consideration in order to acquire a fee simple interest") with Bayless, 684 S.W.2d at 513 (finding that fee was conveyed in 1869 deed in part because interest

was received in exchange for "five dollars and the location of a depot," which were considered valuable consideration); see also Hubbert, 58 Fed. Cl. at 615 (finding that fee was conveyed by deeds executed in 1884 in part because consideration of $75 and $125 constituted valuable consideration).

#### iv. The Absence of Any Language Limiting the Use of the Land for Railroad Purposes Supports a Fee Conclusion

The third factor Missouri courts consider "in determining whether a grant is in fee simple or only for an easement is whether the deed contains language that restricts the railroad's use of the land." Missouri Friends of the Wabash Trace Nature Trail, 991 S.W.2d at 686. Several courts have stated that the "expression or limitation of the use to which the property is to be put is a decisive factor in determining if it is an easement or the grant of a fee." Kimberling North, Inc. v. Pope, 100 S.W.3d 863, 873 (Mo. App. 2003) (emphasis added) (internal citation omitted). The deed at issue here does not contain any use restrictions or limitations - either in its granting clause, in the text of the instrument, or in the habendum clause.[3/]

Indeed, rather than limit the interest being conveyed, the subject deed includes broad language, which clearly supports a fee simple conclusion. For example, the habendum clause in the warranty deed states:

> **To Have and To Hold** The Premises aforesaid, with all and singular the rights, privileges, appurtenances and immunities thereto belonging, or in anywise appertaining unto the party of the [owners of the railroad], and unto their heirs and assigns and successors FOREVER; the [landowner] hereby covenanting that

---

[3/] The habendum clause is "[t]he part of a deed that defines the extent of the interest being granted and any conditions affecting the grant." Black's Law Dictionary (7th ed. 1999); see also Rines v. Mansfield, 9 S.W. 798, 799 (Mo. 1888) ("While the habendum clause in a deed cannot be used to defeat a grant, it may be used to explain or qualify it, and to define the estate granted, if it has not already been defined.").

> he is lawfully seized of an indefeasible ESTATE IN FEE in the premises herein conveyed; the he has good right to convey the same; that the said premises are free and clear of any encumbrance done or suffered by him or those under whom he claims; and that he will **Warrant and Defend** the title to the said premises unto the [owners of the railroad], and unto their heirs and assigns FOREVER, against the lawful claims and demands of all persons whomsoever.

Def.'s Ex. 2 at D2002 (emphasis in the original). Nearly identical habendum clauses have been cited by Missouri courts as evidence of an intent to convey a fee interest. See, e.g., Kimberling North, 100 S.W.3d at 873; Nigro, 690 S.W.2d at 411; see also Bayless, 684 S.W.2d at 513 ("The deed states, 'to have and to hold the same together with all singular rights, immunities, privileges and appurtenances to the same.' This is the language of the fee simple warranty deed.").

Because the deed lacks any language that limits or restricts the interest being conveyed, the Court should conclude that the railroad acquired a fee simple interest. See Powell v. St. Louis County, 446 S.W.2d 819, 821-22 (Mo. 1969) (concluding that there is "no doubt" that the railroad acquired a fee simple interest because "valuable consideration was paid by the grantor" and the "deed contains no specific limitation on the quantum of title conveyed"); Clevenger v. Chicago, M. & St. P. Ry. Co., 210 S.W. 867, 867 (Mo. 1919) (concluding that it was "[b]eyond all doubt" that the railroad acquired a fee simple interest where valuable consideration was paid and the deed conveyed "a strip of land fifty (50) feet wide on each side of the center line of the railway"); Bayless, 684 S.W.2d at 513 (fee conclusion where landowners agreed to "'grant, bargain and sell, convey and confirm' to the railroad the two twenty-five foot tracts 'for and in consideration of the location of a depot and five dollars'"); Cf. Brown, 152 S.W.2d at 652 (easement conclusion where the landowners agreed to "sell, convey . . . the right of way for said Railroad [100] feet in width . . . [t]o have and to hold the same for all the uses and purposes of said railroad company so long as the same shall be used for the construction, use and occupation

of said railroad. . .”); Jordan, 911 S.W.2d at 657 (easement conclusion because interest was limited to “all uses and purposes connected with the construction, repair, maintenance and complete operation of said Railroad”).

## IV. CONCLUSION

In the warranty deed discussed above, the landowners granted a fee simple interest to the railroad for valuable consideration, and without any limitation on use or right of reversion. Therefore, Carl Junction has no property interest in the right-of-way on which to base its takings claims and the Court should grant this motion for summary judgment.

DATED: May 26, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

/s G. Evan Pritchard
G. EVAN PRITCHARD
Environment & Natural Resources Division
Natural Resources Section
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202-305-0203
Fax: 202-305-0506
E-mail: g.evan.pritchard@usdoj.gov
Attorney for Defendant United States

Of Counsel:

Evelyn Kitay
Surface Transportation Board
Office of General Counsel
1925 K Street, N.W.
Suite 600
Washington, D.C. 20423

338451.3