IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CARL JUNCTION R-1 SCHOOL DISTRICT, et al.,)
Plaintiffs,
vs.
UNITED STATES OF AMERICA,
Defendant,

Case No.: 05-3L, 05-4L
Judge Robert H. Hodges, Jr.

**PLAINTIFFS' COLLECTIVE RESPONSE TO THE COURT'S ORDER FILED FEBRUARY 2, 2007**

Come Now the Plaintiffs in the above captioned cases, by and through their counsel of record, R. Deryl Edwards, Jr., and collectively respond to the Court's Order filed February 2, 2007 therein requesting Plaintiffs to explain the failure to file an opening brief for the reasons set forth herein below as follows:

1. Previously in case no. 05-3L, the United States and the Plaintiff, Carl Junction R-1 School District, filed almost simultaneously motions for summary judgment over the primary issue of whether the Plaintiff School District actually owned the land underlying the abandoned railbed which bisected the District's property. Subsequent to reviewing the extensive research conducted by the Plaintiff which appeared to lead to the inescapable conclusion that the District did indeed own the land underlying the abandoned railbed, the Government withdrew its Motion for summary judgment, notwithstanding the expenditure of substantial resources of the Plaintiffs in preparing its dispositive motion.

2. At or about the same time of these events, the Plaintiffs came to understand that the Government took the position that the Plaintiffs, as a whole, would not be entitled to

seek diminution in value as part and parcel of their condemnation claim. Concerned that the issue was critical and, further, that the issue appeared to be one of law, the Plaintiffs initiated discussions with the United States, through its counsel, about setting a briefing schedule solely dedicated to resolution of the availability of diminution of value damages in the consolidated cases. The parties agreed to the setting of a briefing schedule and this Honorable Court set a schedule for the receipt of the briefs on the issue.

3. The schedule originally established by the Court set a date of November 16, 2006 for the filing of the Plaintiffs' brief, and the respective responsive briefs of the United States and Plaintiffs would be filed, the latter brief, by the end of December, 2006.

4. As the Plaintiffs progressed with their research, particularly toward the November 16, 2006 deadline for filing its opening brief, it became apparent to Plaintiffs that the law of the case was such that the expenditure of substantial resources of counsel for the parties and the Court would perhaps be unnecessary because of the clarity of Federal case law arising out of Missouri based events. The Plaintiffs, in an effort to conserve judicial and the parties' resources, faxed a letter dated November 16, 2006 to Evan Pritchard, the Government's able counsel. Based upon the Government's action in withdrawing its earlier dispositive motion based upon Plaintiffs' substantive work product and the previous cooperative efforts between counsel, the Plaintiffs felt that a good faith effort to resolve the issue, if at all, should be attempted prior to submission of yet another dispositive motion.

5. The Plaintiffs' letter dated November 16, 2006 started out as follows, in relevant part,

> We have completed our briefing of the issue concerning the availability of dimunition of value in both of the above cases. However, we felt the need to first consult with you with the intent of attempting to reach an understanding and/or stipulation which may, in the end, prevent the expenditure of the Plaintiffs' and the Government's resources on the briefing that we requested and expedite the process towards settlement or trial, whichever the case may be.

6. The Plaintiff's research appeared to substantially support the general principles of law that allowed Plaintiffs to seek diminution in value as a part of the case, that is, if the evidence in the cases sub judice supported this area of damages. Plaintiffs had previously referred the Government to the case of *Washington Metro. Area Transit Authority*, 54 Fed. Cl. 20 (2002) as the basis of their claim for diminution of damages. The Government's response, as Plaintiffs understood it, was that there were one or more federal cases arising out of Missouri that addressed the issue contrary to the Plaintiffs' position.

7. Consequently, the November 16, 2006 letter from the Plaintiffs to the United States further provided, in relevant part, the following:

> As we understood the Government's argument, dimunition in value was not available under Missouri law. Our immediate reaction, and our subsequent research appears to bear out, that such a position was and still remains clearly contrary to Missouri law. We are and have been aware that the Court, as you have argued, has held that dimunition in value claims may not be brought separate from the condemnation claim based upon Missouri cases as far back as 1978. Having said that, however, dimunition in value or "severage damages" has been recognized as being recoverable in Missouri cases. In *Moore v. U.S.*, 61 Fed. Cl. 73 (2004) concerning the Missouri Katy Trail, the Court of Claims, citing *Washington Metro. Area Transit Auth.,* 54 Fed. Cl. 20, 27 (2002), stated that compensation for a condemnation claim, such as the cases sub judice, was comprised,

> from a proper application of a before and after analysis includes the value of the part actually taken, together with any *severance damages* affecting the value of the remaining parcel. (Emphasis ours).

*Moore*, Id at 74.

We have not used the term "severance damages" as we have based our claims, at least in part, on dimunition in value. We consider the terms, as we have used them, interchangeable with each other. The Government certainly may disagree that the Plaintiffs have the adequate basis for their damage claims, including whether Plaintiffs have legally established a claim for dimunition in value or severance damages, but it does not appear that the Government can realistically dispute that the Plaintiffs may present a claim for compensation for severance damages as part and parcel of the Plaintiffs's respective claims. In *Moore*, we note that the Court granted severance damages to one of the Plaintiffs (Kampmanns). Id. at 84.

Prior to submitting a brief, exhibits and affidavits which would essentially restate black letter law, we felt compelled to seek the Government's agreement that the Plaintiffs' are entitled to submit a claim for diminution in value or severance damages as part of their condemnation claims, regardless whether the Court ultimately finds for the Plaintiffs or the case is settled with these claims in mind.

It is our hope to avoid expending the Court's and our respective resources over what may be considered possible confusion or a misunderstanding over the use of terms which we submit are synonymous with respect to the Plaintiffs' claims. We would request that the briefing be stayed pending receipt of the Government's position.

8. The Government subsequently responded in writing and/or by telephone and advised Plaintiffs that the Government, once again as Plaintiffs understand it, did not dispute that diminution in value, or "severance damages" are recoverable in cases such as the cases sub judice, however, the Government disagrees that there is any basis for recovery at the present time, if at all. The Plaintiffs then felt that filing a motion for partial summary judgment would be an unnecessary expenditure of resources.

9. The current position of the cases is that the Government has requested an appraisal of the affected properties – a request for which Plaintiffs have no objection. The Plaintiffs will also be obtaining appraisals at the earliest opportunity. The Plaintiffs respectfully suggest that the Court enter deadlines for each side obtaining appraisals, completing discovery, including, but not limited to expert depositions, deadlines for a pretrial order and a trial date (duration expected 3-5 days) hopefully later in this year.

WHEREFORE, Plaintiffs respectfully respond to the Court's Order dated February 2, 2007 and, further, request the Court enter its deadlines for completing appraisals, completing discovery, setting a pretrial order(s) and providing a firm trial setting for the reasons set forth herein and for such other and further reasons as this Honorable Court deems just and equitable.

Respectfully Submitted,

s/ R. Deryl Edwards, Jr.
LAW OFFICES OF R. DERYL EDWARDS, JR
R. Deryl Edwards MO# 48277
606 S. Pearl
Joplin, MO 64801-2582
(417) 624-1962
(417) 624-3151
rde417@hotmail.com